IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK E. ISTVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:13cv539-CSC |
| | ) | (WO) |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion in limine (Doc. 42) filed by the Plaintiff, Mark E. Istvan.  Having considered the motion, and for the reasons stated in this memorandum opinion and at oral argument on the motion on June 19, 2014, the court concludes that the motion is due to be denied.

**I. Facts and Procedural History**

Defendant Portfolio Recovery Associates LLC ("PRA") is a company that purchases delinquent debts from creditors and then attempts to collect those debts from the debtors.  By a contract effective November 1, 2011, and which continued in effect until March 2012, PRA purchased a bundle of debts from HSBC Bank and various affiliated corporate entities. (Doc. 51-3).  Among those debts, allegedly, was a debt attributed to the Plaintiff, Mark E. Istvan.  Istvan contends that the debt was not his.

Istvan alleges that, in January 2013, PRA contacted him at work and at home attempting to collect the debt.  On at least one occasion, according to Istvan, PRA threatened

to contact Istvan's supervisor about the debt. Istvan disputed the debt. PRA allegedly reported the debt to Experian credit bureau. (Doc. 14 ¶ 6).

On January 28, 2013, PRA filed a collection action against Istvan in the Montgomery County Circuit Court. *Portfolio Recovery Associates, LLC v. Mark E. Istvan*, Case No. CV 2013-9000157.00, case action summary sheet. On March 4, 2013, Istvan, acting *pro se*, filed an answer denying that he owed the debt and requesting verification of the debt. *Id.*, March 4, 2013 document titled "Response to Complaint." On May 13, 2013, PRA filed a voluntary motion to dismiss the case with prejudice. *Id.*, May 13, 2013 Motion to Dismiss. The court granted the motion on June 11, 2013. *Id.*, June 11, 2013 Order.

On July 26, 2013, Istvan filed a complaint in this court alleging that, in pursuing the debt and filing the state court collection lawsuit, PRA violated the Fair Debt Collection Practices Act (FDCPA) and committed several state law torts. Istvan alleges that, as a result of the allegedly baseless state court lawsuit, he was forced to spend time and money to defend the case. (Doc. 14 ¶¶ 21-22).

On March 31, 2014, in response to a subpoena to Istvan's bank, PRA received bank records showing that, from February 17, 2009 to February 12, 2011, Istvan made 34 separate payments on the debt. (Doc. 50 II. ¶¶ 8-9). PRA intends to introduce the records to show that Istvan owed the debt and that PRA did not improperly collect, report, or file suit on the debt. (Doc. 50 II. ¶ 9). In addition, PRA plans to introduce documents provided by the original creditor that demonstrate that Istvan owed the debt. (Doc. 50 II. ¶¶ 8-9 n.2).

On April 14, 2014, Istvan filed a "motion in limine" (Doc. 42). On April 21, 2014, the court denied the motion in limine as premature. (Doc. 44). However, upon the parties' joint request that the motion in limine be considered on its merits, the court vacated its order denying the motion as premature, set a briefing schedule, and held oral argument on the motion. (Docs. 47, 48, 62).

## II. Discussion

A.   **Res Judicata and Collateral Estoppel**

Istvan argues that, because the state court (allegedly) dismissed the collection action on the merits, the doctrines of res judicata and collateral estoppel preclude PRA from introducing any of the following in this case:

1. evidence or argument that Istvan owed the debt;

2. evidence or argument that Istvan ever made payments on the debt;

3. evidence that Istvan was contributorily negligent.

(Doc. 42).

Because the state court judgment was rendered by the Montgomery Circuit Court, the court must look to Alabama law to determine the preclusive effect of the state court judgment. *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331 (11th Cir. 2010). As the parties both recognize, under Alabama law, neither claim preclusion nor issue preclusion are applicable in the absence of a prior final judgment on the merits. *Martin v. Cash Express, Inc.* 60 So. 3d 236, 250 (Ala. 2010) (holding that res judicata applies when a "final judgment

on the merits" was entered in a prior action by a court of competent jurisdiction in a case involving the same cause of action between substantially identical parties); *Shelby County Planning Com'n v. Seale*, 564 So. 2d 900, 901-02 (Ala. 1990) (holding that issue preclusion applies where the identical issue was actually litigated and necessarily determined by a prior "valid, final" judgment "on the merits of the claim").

Under Alabama law, "a dismissal without prejudice does not constitute an adjudication on the merits," but "a dismissal with prejudice does." *Alfa Life Ins. Corp. v. Jackson*, 906 So. 2d 143, 155 (Ala. 2005). Because the parties did not provide this court with a copy of an order from the Montgomery Circuit Court expressly stating whether the collections action was dismissed with prejudice, the court takes judicial notice[1] of the contents of the state court record in that action. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."). According to the records of the Montgomery Circuit Court, after Istvan filed an answer to the complaint, PRA voluntarily moved the court to dismiss the case with prejudice. At 5:55 p.m. on June 11, 2013, PRA's motion to dismiss was "GRANTED" by a separate written order that did not specify whether the case was dismissed with or without prejudice. According to the state court case action summary sheet, at 8:43 a.m. on June 12,

---

[1] At oral argument on June 19, 2014, the parties were presented with a copy of the case action summary sheet and the June 11, 2013 Order in *Portfolio Recovery Associates, LLC v. Mark E. Istvan*, Case No. CV 2013-9000157.00. The parties acknowledged the authenticity of those documents and, further, both acknowledged that the state court collections action was dismissed without prejudice.

4

2013, the case was assigned a status of "disposed by (dismissed without prejudice)" by operation of the June 11 order.

As noted, the Montgomery Circuit Court's June 11, 2013 Order does not specify whether the case was dismissed with or without prejudice. However, the June 11, 2013 Order is a "separate written document," which, although lacking the usual formal adjudicatory language, would constitute a "final order" of dismissal under the Alabama Rules of Civil Procedure. Ala R. Civ P. 54(a); Ala. R. Civ. P. 58(a)-(b). Because PRA filed its voluntary motion to dismiss after Istvan filed an answer, and because the motion to dismiss was not signed by both parties, the motion cannot be construed as a notice or stipulation of dismissal under Ala. R. Civ. P. 41(a)(1). Rather, the June 11, 2013 order of dismissal was entered pursuant to Ala. R. Civ. P. 41(a)(2), which states:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . *Unless otherwise specified in the order*, a dismissal under this paragraph is without prejudice.

(Emphasis added).

Therefore, because the June 11, 2013 Order does not specify otherwise, the state court collections action was unambigously dismissed without prejudice, Ala. R. Civ. P. 41(a)(2), as is duly reflected on the state court case action summary sheet. Thus, under Alabama law, the Montgomery, Alabama, Circuit Court's judgment in the collections action has no preclusive effect at all. *Hoppe v. Slovik*, 675 So. 2d 888, 889 (Ala. Civ. App. 1996) ("The

5

district court's order [of dismissal under Rule 41(a)(2)] did not specify that the action was dismissed with prejudice. Therefore, the dismissal was without prejudice, and the doctrine of res judicata d[oes] not apply."); *see also Ex parte Sealy, L.L.C.*, 904 So. 2d 1230, 1236 (Ala. 2004) ("'[T]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" (quoting *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977)).

This court does not have the authority to revisit the terms of the Montgomery Circuit Court's order of dismissal.² Rather, under the Full Faith and Credit Act, 28 U.S.C. § 1738, this court must give the judgment of the Montgomery Circuit Court the same preclusive effect as that judgment would be afforded by the courts of the State of Alabama. *Kahn v. Smith Barney Shearson Inc.*, 115 F.3d 930, 933 (11th Cir. 1997). Because Alabama courts would not give that judgment preclusive effect, the judgment cannot serve as the basis for res judicata or collateral estoppel in this court.

**B.     Other Arguments**

Istvan argues that PRA must be precluded from offering evidence that he owed or made payments on the debt because such evidence constitutes inadmissible, irrelevant

---

² "[F]ederal district courts have 'no authority to review final judgments of a state court'" because "that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.'" *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1071-72 (11th Cir. 2013) (quoting *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) and *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)); *see also Bevill v. Owen*, 364 So.2d 1201, 1204 (Ala. 1979) (holding that the proper procedure for challenging a Rule 41 judgment is to file a postjudgment motion in the state trial court, followed (if necessary) by a notice of appeal). *But see Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330-31 (holding that the *Rooker-Feldman* doctrine does not apply to a federal case brought by the winner of the state court action).

hearsay, and because the danger of unfair prejudice and confusion of the issues substantially outweighs any probative value the evidence may have. *See* Fed. R. Evidence 402, 403, 803. The court finds that these objections are premature and will overrule them without prejudice to Istvan's right to renew them at the appropriate time.

### III.  Conclusion

Accordingly, it is

**ORDERED** that Istvan's motion in limine (Doc. 42) be and is hereby **DENIED**, without prejudice to Istvan's right to raise objections to evidence pursuant to the Federal Rules of Evidence at the appropriate time.

Istvan is foreclosed, however, from arguing that res judicata or collateral estoppel apply to the judgment of the Montgomery Circuit Court in *Portfolio Recovery Associates, LLC v. Mark E. Istvan*, Case No. CV 2013-9000157.00.

Done this 20th day of June, 2014.

                           /s/Charles S. Coody
                           CHARLES S. COODY
                           UNITED STATES MAGISTRATE JUDGE